IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SHARON NANETTE WHITE and
JESSE WHITE,

            Plaintiffs,

v.

BANK OF AMERICA, N.A. and
THE LAW FIRM OF MCCALLA
RAYMER, LLC,

            Defendants.

1:12-cv-3834-WSD

**OPINION AND ORDER**

This matter is before the Court on McCalla Raymer, LLC's ("McCalla Raymer") and Bank of America, N.A.'s ("BANA") (together, "Defendants") Motions to Dismiss [6, 14] Sharon Nanette White and Jesse White's (together, "Plaintiffs") Complaint.

**I.   BACKGROUND**

On April 15, 2009, Sharon Nanette White obtained a loan in the amount of $301,180 and executed a promissory note ("Note") in favor of First Option Mortgage ("First Option").  (Compl. [1.1 at 2-46] ¶¶ 13-14; Note [14.1]).[1]

---

[1]   The Court may consider the Note attached to BANA's Motion to Dismiss because the Note is central to Plaintiffs' claims and Plaintiffs do not challenge its authenticity.  See, e.g., SFM Holdings, Ltd. v. Banc of Am. Secs., LLC, 600 F.3d

Repayment of the loan was secured by a deed ("Security Deed") to real property located at 1075 Colony Trail, Fairburn, Georgia (the "Property"). (Compl. ¶¶ 13-14; Security Deed [6.2]).[2] Plaintiffs executed the Security Deed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for First Option. (Security Deed at 1-2).

At some point, First Option assigned its rights under the Note to Countrywide Bank, FSB ("Countrywide"). (Note at 5). On April 27, 2009, Countrywide merged into BANA.[3]

---

1334, 1337 (11th Cir. 2010); see also Harris v. Ivax Corp., 182 F.3d 799, 802 n.2 (11th Cir. 1999) ("[A] document central to the complaint that the defense appends to its motion to dismiss is also properly considered, provided that its contents are not in dispute."). To the extent Plaintiffs object to the Allonge attached to the Note, Plaintiffs' objections address its validity, not authenticity. See Plfs' Omnibus Resp. [17] at 4-6; Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002) ("'Undisputed' in this context means that the authenticity of the document is not challenged.").

[2] BANA attaches to its Motion to Dismiss copies of the Security Deed and Assignment, filed with the Clerk of the Superior Court of Fulton County, Georgia. These documents are matters of public record and the Court may consider them. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 355 (2007) (on a motion to dismiss, court must consider the complaint and matters of which it may take judicial notice); Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1276-1278 (11th Cir. 1999) (court may take judicial notice of official public records and may base its decision on a motion to dismiss on the information in those records); Mcfarland v. BAC Home Loans Serv., LP, No. 1:11-cv-4061-RWS, 2012 WL 2205566, at *1 n.2 (N.D. Ga. June 14, 2012) (taking judicial notice of public records including security deed filed in state superior court).

[3] See Note at 5; see also http://www2.fdic.gov/idasp/confirmation_outside.asp?inCert1=33143 (last visited May 6, 2013).

2

On May 16, 2011, MERS assigned its rights under the Security Deed ("Assignment") to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP ("BACHLS"). (Assignment [6.3]).[4]

On July 1, 2011, BACHLS merged with and into its parent company, BANA.[5]

On September 20, 2012, McCalla Raymer, on behalf of BANA, sent Plaintiffs a letter stating that the amount of debt owed on the underlying loan was $350,413.71, and that the debt is owed to BANA. (Sept. 20th Letter [1.1 at 62]).

On September 26, 2012, McCalla Raymer sent Plaintiffs a letter indicating that Sharon Nanette White had defaulted on her loan obligations and that a foreclosure sale of the Property was scheduled for the first Tuesday of November, 2012. (Sept. 26, 2012 letter [1.1 at 63]). The Notice of Sale Under Power

---

[4]     On April 26, 2012, MERS executed a Corrective Assignment "to correct the previous assignment which only had one witness signature when two witness signatures are needed." (Corrective Assignment [6.4]). The Court notes that the original Assignment was properly executed because it was attested by two witnesses, an unofficial witness and a notary public. See, e.g., O.C.G.A. §§ 44-14-61, (deeds to secure debt shall be attested as required for mortgages); 44-14-64 (transfer of security deed shall be witnessed as required for deeds); 44-14-33 (in the case of real property, mortgage must be attested by an official witness and additional witness), 44-2-21 (deed executed outside of Georgia must be attested by two witnesses, one of whom may be a notary public).

[5]     See Notice of Sale Under Power [1.1 at 64]; McCalla Raymer's Br. in Supp. of Mot. to Dismiss [6.1] at 3 n.2; BANA's Mot. to Dismiss [14] at 3 n.3; see also http://www.occ.gov/static/interpretations-and-precedents/jul11/ca1003.pdf (last visited May 6, 2013).

3

("NSUP"), included with the letter, states that the Property is being sold "[u]nder and by virtue of the Power of Sale contained in a Security Deed given by Sharon Nanette White and Jesse White to [MERS] . . . as last transferred to [BACHLS]." (NSUP [1.1 at 64]).  The NSUP states also that the sale is being conducted by "Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP formerly known as Countrywide Home Loans Servicing LP."  (Id.).

On October 22, 2012, Plaintiffs, proceeding *pro se*, filed their Complaint in the Superior Court of Fulton County, Georgia, asserting claims for wrongful foreclosure and violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").  Plaintiffs allege that BANA lacks authority to foreclose on the Property because BANA does not hold the Note and it is not the assignee of the Security Deed.  Plaintiffs allege further that Defendants falsely represented that BANA is Plaintiffs' secured creditor.  Plaintiffs seek injunctive relief and compensatory and punitive damages.

On November 1, 2012, McCalla Raymer removed the Fulton County action to this Court based on federal question jurisdiction.  (Notice of Removal [1]).

McCalla Raymer and BANA have moved to dismiss Plaintiffs' Complaint for failure to state a claim.

## II.  DISCUSSION

### A.  Legal Standard

The law governing motions to dismiss pursuant to Rule 12(b)(6) is well-settled.  Dismissal of a complaint is appropriate "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

In considering a motion to dismiss, the Court accepts the plaintiff's allegations as true and considers the allegations in the complaint in the light most favorable to the plaintiff.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007); see also Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) ("At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."). The Court, however, is not required to accept a plaintiff's legal conclusions.  See Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)), abrogated on other grounds by Mohamad v. Palestinian Auth., 132 S. Ct. 1702 (2012).  Nor will the Court "accept as true a legal conclusion couched as a factual allegation."  See Bell Atl. Corp. v.

<017>

Twombly, 550 U.S. 544, 555 (2007).  Ultimately, the complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.[6]

To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  "Plausibility" requires more than a "sheer possibility that a defendant has acted unlawfully," and a complaint that alleges facts that are "merely consistent with" liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Id. (citing Twombly, 550 U.S. at 557).  "To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1263 (11th Cir. 2004)

---

[6]  The Supreme Court explicitly rejected its earlier formulation for the Rule 12(b)(6) pleading standard: "'[T]he accepted rule [is] that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Twombly, 550 U.S. at 577 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The Court decided that "this famous observation has earned its retirement."  Id. at 563.

("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.") (citations omitted).[7]

Complaints filed *pro se* are to be liberally construed and are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. "Even though a *pro se* complaint should be construed liberally, a pro se complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007). "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

B.   Analysis

Plaintiffs base their claims for wrongful foreclosure and violation of the FDCPA on their assertion that BANA lacks authority to foreclose on the Property because it is not the holder of the Security Deed or Note. It is undisputed that Plaintiffs executed the Security Deed in favor of MERS, as nominee for First

---

[7] Federal Rule of Civil Procedure 8(a)(2) requires the plaintiff to state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In Twombly, the Supreme Court recognized the liberal minimal standards imposed by Federal Rule 8(a)(2) but also acknowledged that "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

7

Option.  (Id.).  Under the terms of the Security Deed, Plaintiffs "grant[ed] and convey[ed] to MERS . . . and the successors and assigns of MERS with power of sale, [the Property]."  (Id. ¶ 17; Security Deed at 1-2).

On May 16, 2011, MERS assigned its rights under the Security Deed to BACHLS.  (Assignment).  The Assignment states that "[MERS] . . . does hereby grant, sell, assign, transfer and convey unto [BACHLS] . . . all beneficial interest under [the Security Deed.]"  (Id.).

In July 2011, BACHLS and BANA merged.  As a result of the merger, BANA acquired "all the property, rights, powers, trusts, duties, and obligations" of BACHLS, including Plaintiffs' Security Deed, with the power of Sale.  See O.C.G.A. § 7-1-536(c) (in a merger, "each party . . . shall cease to exist as a separate entity but shall continue in, and the parties to the [merger] shall be, a single corporation"); Moore v. McCalla Raymer, LLC, 2013 WL 28253, at *2 n.7 (N.D. Ga. Jan. 2, 2013) (recognizing that BANA, as successor-by-merger to BACHLS, stands in the place of BACHLS); see also State Bank & Trust Co. v. Newby, 318 S.E.2d 738, 739 (Ga. Ct. App. 1984) ("[T]he necessity of a formal transfer or assignment of the property of the constituent bank to the consolidated

bank" is eliminated by the statute).  BANA is thus entitled to exercise the power of sale in the Security Deed.[8]

It is undisputed that Sharon Nanette White executed the Note in favor of First Option.  (Compl. ¶¶ 14-17).  At some point, First Option assigned the Note to Countrywide.  (Note at 5).[9]  On April 27, 2009, Countrywide merged into BANA. As a result of the merger, BANA acquired the assets, rights and liabilities of

---

[8] This is further supported by the NSUP which states that the sale is being conducted by "Bank of America, N.A., successor by merger to BAC[HLS]."  In Georgia,

> Powers of sale in deeds of trust, mortgages and other instruments shall be strictly construed and shall be fairly exercised. . . . Unless the instrument creating the power specifically provides to the contrary, a personal representative, heir, heirs, legatee, devisee, or *successor of the grantee in a mortgage*, deed of trust, deed to secure debt, bill of sale to secure debt, or other like instrument, *or an assignee thereof*, or his personal representative, heir, heirs, legatee, devisee, *or successor may exercise any power therein contained*; and such powers may so be exercised regardless of whether or not the transfer specifically includes the powers or conveys title to the property described.

O.C.G.A. § 23-2-114 (emphasis added).  The Security Deed discloses no intent on the part of Plaintiffs to restrict MERS from assigning its rights, including power of sale, under the Security Deed.  Rather, Plaintiffs unequivocally granted to MERS, its successors or assigns, the right to foreclose and sell the Property in the event of Plaintiffs' default.

[9] To the extent Plaintiffs argue that the indorsement from First Option to Countrywide is not valid because it was made on an allonge to the Note, Georgia law provides that, "[f]or the purpose of determining whether a signature is made on an instrument, a paper affixed to the instrument is a part of the instrument." O.C.G.A. § 11-3-204(a); see also Viera v. CitiGroup, Inc., No. 1:12-cv-1636-TWT, 2013 WL 275581, at *6 & n.9 (N.D. Ga. Jan. 23, 2013) ("the use of allonges with negotiable instruments is permitted under Georgia law").

Countrywide, including the Note.  See, e.g., Wirsche v. Moncor, Inc., No. 7:12-cv-214, 2013 WL 127565, at *5 (S.D. Tex. Jan. 9, 2013) ("Although Countrywide's assignment of the note to Bank of America is undated, Countrywide merged into and was subsequently operated as a part of Bank of America, National Association on April 27, 2009.  Therefore, at the very latest, the note was transferred to Bank of America on April 27, 2009, due to Countrywide's merger into Bank of America.").[10]  BANA is thus the holder of both the Note and Security Deed.  Insofar as Plaintiffs base their claims on BANA's alleged lack of authority to foreclose on the Property, Plaintiffs have not, and cannot, state a claim for relief under any viable legal theory.[11, 12]  This action is required to be dismissed.

---

[10] To the extent Plaintiffs argue that BANA is not the holder of the Note because the Note is indorsed in blank, Georgia law provides that an instrument indorsed in blank is payable to the bearer.  O.C.G.A. § 11-3-205(b).  Even if the blank indorsement were defective, it is clear that the last special indorsement was made in favor of Countrywide.  Thus BANA, as the successor by merger to Countrywide, is the current holder of the Note.

[11] To the extent Plaintiffs assert claims for wrongful foreclosure and attempted wrongful foreclosure, Plaintiffs do not allege, and it does not appear, that they are current on their loan obligations.  Failure to make the proper loan payments or tender the amount due defeats any wrongful foreclosure or attempted wrongful foreclosure claims.  See Harvey v. Deutsche Bank Nat. Trust Co., No. 1:12-cv-1612-RWS, 2012 WL 3516477, at *2 (N.D. Ga. Aug. 14, 2012) ("When the borrower cannot show that the alleged injury is attributable to the lender's acts or omissions, the borrower has no claim for wrongful foreclosure."); Heritage Creek Dev. Corp. v. Colonial Bank, 601 S.E. 2d 842 (Ga. Ct. App. 2004) (plaintiff's

injury was "solely attributable to its own acts or omissions both before and after the foreclosure" because it defaulted on the loan payments, failed to cure the default, and did not bid on the property at the foreclosure sale); Ezuruike v. Bank of New York Mellon, No. 1:11-cv-4030-JEC, 2012 WL 3989961, at *1-2 (N.D. Ga. Sept. 11, 2012) (dismissing attempted wrongful foreclosure claim where "plaintiff makes no plausible allegation that he was not in default and therefore a foreclosure notice suggesting that he was could not falsely impugn the plaintiff's financial condition"); Peterson v. Merscorp Holdings, Inc., No. 1:12-cv-00014-JEC, 2012 WL 3961211, at *5 (N.D. Ga. Sept. 10, 2012) (plaintiffs failed to state a claim for attempted wrongful foreclosure where they alleged only that defendant misrepresented itself as the secured creditor on foreclosure notice); Austin v. Bank of Am., N.A., No. 1:11–CV–3346–RWS, 2012 WL 928732, at *1 (N.D .Ga. Mar. 16, 2012) (dismissing claim for wrongful attempted foreclosure where plaintiffs admitted they were in default and did not allege that defamatory statements were published against them); Sellers v. Bank of Am., Nat'l Ass'n, No. 1:11-cv-3955-RWS, 2012 WL 1853005, at *3 (N.D. Ga. May 21, 2012) (dismissing attempted wrongful foreclosure claim; while plaintiffs alleged that defendants lacked authority to foreclose, plaintiffs failed to allege sufficient facts to show that they suffered any damage as a result). Plaintiffs' claims for wrongful foreclosure and attempted wrongful foreclosure are required to be dismissed for this additional reason.

[12] Plaintiffs assert that Defendants violated the FDCPA by falsely representing that Plaintiffs owed a debt to BANA. To the extent Plaintiffs intended to assert that BANA violated Section 1692e, it is clear that, because BANA is the holder of the Note and Security Deed, BANA is Plaintiffs' creditor and not a "debt collector" for the purposes of Section 1692e. See 15 U.S.C. § 1692a(6)(F); Lacosta v. McCalla Raymer, LLC, No. 1:10-cv-1171-RWS, 2011 WL 166902, at *6 (N.D. Ga. Jan. 18, 2011) (quoting Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985)) ("a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned"). Plaintiffs have not, and cannot, state a claim for relief under Section 1692e against BANA.

While McCalla Raymer may qualify as a "debt collector" under the Section 1692e, it is clear that BANA, as the holder of the Note and Security Deed, was entitled to receive payments on the underlying loan and to foreclose on the Property in the event of Plaintiffs' default. Plaintiffs fail to show that McCalla Raymer used "any false, deceptive, or misleading representation or means in

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss [6, 14] are **GRANTED.**

**SO ORDERED** this 9th day of May, 2013.

*[signature]*
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

connection with the collection of any debt." See 15 U.S.C. § 1692e; Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211, 1216 (11th Cir. 2012) (To state a claim for relief under Section 1692e of the FDCPA, a plaintiff must allege that: (1) defendant is a "debt collector;" (2) the challenged conduct is related to debt collection; and (3) defendant engaged in an act or omission prohibited by the FDCPA); Frazier v. Absolute Collection Serv., Inc., 767 F. Supp. 2d 1354, 1363 (N.D. Ga. 2011) (same).

While BANA and McCalla Raymer may qualify as "debt collectors" for the purpose of Section 1692f(6), see 15 U.S.C. § 1692a(6), Plaintiffs have not alleged that they violated Section 1692f(6). There is a clear present right for BANA to take possession of the Property because the Security Deed evidences BANA's right to possess the Property, the letter sent to Plaintiffs by McCalla Raymer stated BANA's intention to possess the Property, and Plaintiffs do not allege that the Property is exempt by law. See 15 U.S.C. § 1692f(6). Plaintiffs fail to state a claim for relief under Section 1692f(6). Plaintiffs' claim for violation of the FDCPA is required to be dismissed for these additional reasons.