IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SHARON NANETTE WHITE and
JESSE WHITE,

              Plaintiffs,

  v.                                      1:12-cv-3834-WSD

BANK OF AMERICA, N.A. and
THE LAW FIRM OF MCCALLA
RAYMER, LLC,

              Defendants.

**OPINION AND ORDER**

This matter is before the Court on Sharon Nanette White and Jesse White's (together, "Plaintiffs") Motion for Reconsideration [23] of the Court's May 10, 2013, Order [21] dismissing this action.

## I.    BACKGROUND

On April 15, 2009, Sharon Nanette White obtained a loan in the amount of $301,180 and executed a promissory note ("Note") in favor of First Option Mortgage ("First Option"). (Compl. [1.1 at 2-46] ¶¶ 13-14 & Ex. A [1.1 at 55-57]). Repayment of the loan was secured by a deed ("Security Deed") to real property located at 1075 Colony Trail, Fairburn, Georgia (the "Property").

(Compl. ¶¶ 13-14; Security Deed [6.2]).[1] Plaintiffs executed the Security Deed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for First Option. (Security Deed at 1-2).

At some point, First Option assigned its rights under the Note to Countrywide Bank, FSB ("Countrywide"). (Note [14.1] at 5). On April 27, 2009, Countrywide merged into Bank of America, N.A. ("BANA").[2]

On May 16, 2011, MERS assigned its rights under the Security Deed ("Assignment") to BAC Home Loans Servicing, LP, formerly known as Countrywide Home Loans Servicing, LP ("BACHLS"). (Assignment [6.3]).

On July 1, 2011, BACHLS merged into its parent company, BANA.[3]

On September 20, 2012, McCalla Raymer, LLC ("McCalla Raymer"), on behalf of BANA, sent Plaintiffs a letter stating that the amount of debt owed on the

---

[1] BANA attached to its Motion to Dismiss copies of the Security Deed and Assignment, filed with the Clerk of the Superior Court of Fulton County, Georgia. The Court considered these documents because they are matters of public record. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 355 (2007); Mcfarland v. BAC Home Loans Serv., LP, No. 1:11-cv-4061-RWS, 2012 WL 2205566, at *1 n.2 (N.D. Ga. June 14, 2012) (taking judicial notice of public records including security deed filed in state superior court).

[2] See Note at 5; see also http://www2.fdic.gov/idasp/confirmation_outside.asp?inCert1=33143 (last visited December 20, 2013).

[3] See http://www.occ.gov/static/interpretations-andprecedents/jul11/ca1003.pdf (last visited December 20, 2013).

underlying loan was $350,413.71, and that the debt is owed to BANA. (Sept. 20th Letter [1.1 at 62]).

On September 26, 2012, McCalla Raymer sent Plaintiffs a letter indicating that Ms. White had defaulted on her loan obligations and that a foreclosure sale of the Property was scheduled for the first Tuesday of November, 2012. (Sept. 26th Letter [1.1 at 63]). The Notice of Sale Under Power ("NSUP"), included with the letter, states that the Property is being sold "[u]nder and by virtue of the Power of Sale contained in a Security Deed given by Sharon Nanette White and Jesse White to [MERS] . . . as last transferred to [BACHLS]." (NSUP [1.1 at 64]). The NSUP states also that the sale is being conducted by "Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP formerly known as Countrywide Home Loans Servicing LP." (Id.).

On October 22, 2012, Plaintiffs, proceeding *pro se*, filed their Complaint in the Superior Court of Fulton County, Georgia, asserting claims for wrongful foreclosure and violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). Plaintiffs allege that BANA lacks authority to foreclose on the Property because BANA does not hold the Note and it is not the assignee of the Security Deed. Plaintiffs allege further that Defendants falsely

represented that BANA is Plaintiffs' secured creditor.  Plaintiffs seek injunctive relief and compensatory and punitive damages.

On November 1, 2012, McCalla Raymer removed the Fulton County action to this Court based on federal question jurisdiction.  (Notice of Removal [1]).

McCalla Raymer and BANA moved to dismiss Plaintiffs' Complaint for failure to state a claim.

On May 10, 2013, the Court granted Defendants' Motions to Dismiss [6, 14] Plaintiffs' Complaint.  The Court found that Plaintiffs executed the Security Deed with the power of sale in favor of MERS; that MERS assigned its rights under the Security Deed to BACHLS; that BACHLS merged into BANA; and that, as a result of the merger, BANA acquired the rights and interests of BACHLS, including the Security Deed.  The Court also found that Ms. White executed the Note in favor of First Option; that First Option assigned the Note to Countrywide; that Countrywide merged into BANA; and that, as a result of the merger, BANA acquired the rights and interests of Countrywide, including the Note.  The Court concluded that BANA, as holder of the Note and Security Deed, is entitled to foreclose on the Property and that Plaintiffs had not, and could not, state a claim for relief under any legal theory based on BANA's alleged lack of authority to foreclose on the Property.

On June 4, 2013, Plaintiffs filed their Motion for Reconsideration.

## II. DISCUSSION

### A. Legal Standard

"A motion for reconsideration made after final judgment falls within the ambit of either Rule 59(e) (motion to alter or amend a judgment) or Rule 60(b) (motion for relief from judgment or order)." Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 n.5 (11th Cir. 1993).  The Court does not reconsider its orders as a matter of routine practice.  LR 7.2 E., NDGa.  The Court's Local Rules require the parties file any such motions for reconsideration "within twenty-eight (28) days after entry of the order or judgment."  Id.

Plaintiffs seek reconsideration pursuant to Rule 59(e).  Motions for reconsideration under Rule 59(e) are only appropriate where there is newly-discovered evidence[4] or a need to correct a manifest error of law or fact.  See Hood v. Perdue, 300 F. App'x 699, 700 (11th Cir. 2008) (citing Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996));

---

[4] Evidence that could have been discovered and presented on the previously-filed motion is not newly discovered.  See Arthur v. King, 500 F.3d 1335, 1343-44 (11th Cir. 2007); see also Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997) ("We join those circuits in holding that where a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion.").

5

Arthur, 500 F.3d at 1343 ("The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact."); Jersawitz v. People TV, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999).[5]

A motion for reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented in the previously-filed motion.  See Arthur, 500 F.3d at 1343; O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992); Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003); see also Jones v. S. Pan Servs., 450 F. App'x 860, 863 (11th Cir. 2012) ("A motion to alter or amend a judgment cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment."); Pres. Endangered Areas, 916 F. Supp. at 1560 ("A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time.").  Whether to grant a motion for reconsideration is within the sound discretion of the district court.  See Region 8, 993 F.2d at 806.

---

[5]   Motions for reconsideration under Rule 60(b) only are appropriate where there is "mistake, inadvertence, surprise, or excusable neglect," newly discovered evidence, fraud, a void judgment, or a judgment that has been satisfied or is no longer applicable.  Fed. R. Civ. P. 60(b).

B.    Analysis

Plaintiffs reassert their argument that BANA lacks standing to foreclose on the Property because it does not also hold the Note. Plaintiffs argue that the allonge to the Note is "unauthenticated" and thus the indorsement from First Option to Countrywide is not valid. Even if the allonge was defective—which it is not—BANA, as the holder of the Security Deed, is entitled to foreclose on the Property regardless of whether it also holds the Note. See Kabir v. Statebridge Co., LLC, No. 1:11-cv-2747-WSD, 2011 WL 4500050, at *5 (N.D. Ga. Sept. 27, 2011) (collecting cases); see also You v. JP Morgan Chase Bank, 743 S.E.2d 428, 433 (Ga. 2013) ("[T]he holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed."); Harris v. Chase Home Fin., LLC, 524 F. App'x 590 (11th Cir. 2013) (applying You).[6] Plaintiffs' Motion for reconsideration on this basis is denied.

---

[6]    The Court notes further that Plaintiffs were not parties to the assignment of the Note from First Option to Countrywide and they therefore lack standing to challenge the authenticity of the allonge. See O.C.G.A. § 9-20-20(a) (an action based on a contract can be brought only by a party to the contract); cf. Montgomery v. Bank of Am., 740 S.E.2d 434, 436 (Ga. Ct. App. 2013) (because assignment of security deed was contractual, plaintiff lacked standing to contest its validity because he was not a party to the assignment).

Plaintiffs next argue that the merger of BACHLS into BANA did not transfer BACHLS's property interests to BANA. The Supreme Court of Georgia recently stated: "When corporations merge, state law provides that the title to each corporation's property vests in the surviving corporation without any conveyance, transfer, or assignment . . . . Similarly, federal banking law provides that the corporate existence of merging banks shall continue in the 'receiving association,' which is considered the same corporation as its predecessor." Nat'l City Mortg. Co. v. Tidwell, 749 S.E.2d 730, 733 (Ga. 2013) (citing O.C.G.A. §§ 7-1-536, 14-2-1106; 12 U.S.C. § 215a(e)). Specifically, the National Banking Act provides:

> The corporate existence of each of the merging banks or banking associations participating in such merger shall be merged into and continued in the receiving association and *such receiving association shall be deemed to be the same corporation as each bank or banking association participating in the merger.* All rights, franchises, and interests of the individual merging banks or banking associations in and to every type of property . . . shall be transferred to and vested in the receiving association *by virtue of such merger without any deed or other transfer.* The receiving association, upon the merger and without any order or other action on the part of any court or otherwise, shall hold and enjoy all rights of property, franchises, and interests . . . in the same manner and to the same extent as such rights, franchises, and interests were held or enjoyed by any one of the merging banks or banking associations at the time of the merger, subject to the conditions hereinafter provided.

12 U.S.C. § 215a(e). As a result of the merger, by operation of law, BANA acquired the assets, rights and liabilities of BACHLS, including the Security Deed.

8

BANA is thus entitled to exercise the power of sale in the Security Deed.[7] Plaintiffs' Motion for reconsideration on this basis is denied.

Plaintiffs last contend that the Court dismissed their FDCPA claim without addressing "the actual issues raised, which included 15 U.S.C. § 1692f(1) and (8)." (Pls' Mot. at 14). Plaintiffs did not assert a claim for violation of Section 1692f in their Complaint. Even if they did, Plaintiffs fail to allege facts in any of their filings to support that McCalla Raymer violated Section 1692f(1) or (8), which prohibit a debt collector from "collect[ing] any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law," or "[u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails." 15 U.S.C. § 1692f(1), (8). Plaintiffs' attempt to assert new claims does not warrant reconsideration of the Court's order dismissing this action. Plaintiffs have not presented any grounds upon which to support granting them relief from the Court's May 10th Order. Plaintiffs' Motion for Reconsideration is denied.

---

[7] This is further supported by O.C.G.A. § 23-2-114, which provides that, "[u]nless the instrument creating the power specifically provides to the contrary, a . . . *successor of the grantee in a mortgage*, deed of trust, deed to secure debt, bill of sale to secure debt, or other like instrument, *or an assignee thereof*, or his personal representative, heir, heirs, legatee, devisee, *or successor may exercise any power therein contained*." O.C.G.A. § 23-2-114. Plaintiffs do not dispute that BACHLS merged into BANA.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Reconsideration [23] is **DENIED.**

**SO ORDERED** this 23rd day of December, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE